IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| STEVE YOUNG and EUN YOUNG, ) | |
| ) | |
| Plaintiffs, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  14-1154-MLB |
| ) | |
| KI OK SON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss for lack of personal jurisdiction. (Doc. 6). The motion has been fully briefed and is ripe for decision. (Doc. 9).[1]

**I.   Facts**

Plaintiffs are residents of Kansas. Defendants Ki Ok Son and Hye Jin Son are residents of California. The Sons are the owners of defendant Across Construction Corporation, an inactive corporation. The complaint does not allege the residence of Across Construction. Plaintiffs bring this action pursuant to 28 U.S.C. § 1332, alleging that defendants have improperly retained funds which were to be returned to plaintiffs.

Defendants move to dismiss on the basis that this court lacks personal jurisdiction.

**II. Analysis**

Federal courts are courts of limited jurisdiction. Pentco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th

---

[1] Defendants did not file a reply brief and the time for doing so has now passed.

Cir. 1991). The relevant statute here is 28 U.S.C. § 1332(a)(1), which confers jurisdiction upon federal courts over civil actions between citizens of different states. This statute requires complete diversity of citizenship, which "does not exist unless each defendant is a citizen of a different State from each plaintiff." Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396 (1978).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1240, 1244, 163 L. Ed.2d 1097 (2006).

In this case, plaintiffs have not alleged complete diversity of citizenship because the complaint fails to state a residence for Across Construction. Therefore, the court concludes that it lacks subject matter jurisdiction over this matter. When a federal court lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235 (2006).

**III. Conclusion**

On or before October 15, 2014, plaintiffs must file an amended complaint to establish this court's subject matter jurisdiction. The failure to file an amended complaint will result in dismissal, without prejudice.

IT IS SO ORDERED.

Dated this   2nd   day of October 2014, at Wichita, Kansas.

<pre>
                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE
</pre>