IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVE YOUNG and EUN YOUNG,           ) <br> ) <br> Plaintiffs,   ) <br> ) <br> v.                                   ) <br> ) <br> KI OK SON, et al.,                   ) <br> ) <br> Defendants.   ) <br> ) | **CIVIL ACTION** <br><br> No.  14-1154-MLB |

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss for lack of personal jurisdiction. (Doc. 6).[1] The motion has been fully briefed and is ripe for decision. (Doc. 9).[2] Defendants' motion is granted in part and denied in part for the reasons herein.

### I.   Facts

Plaintiffs are residents of Kansas.  Defendants Ki Ok Son and Hye Jin Son are residents of California.  The Sons are the owners of defendant Across Construction Corporation, an inactive California corporation.  Plaintiffs bring this action pursuant to 28 U.S.C. § 1332, alleging that defendants have improperly retained funds which were to be returned to plaintiffs.  Specifically, plaintiffs allege that on March 4, 2013, plaintiff Steve Young cashed a check in

---

[1] Initially, after reviewing the complaint and defendants' motion to dismiss, the court ordered plaintiffs to file an amended complaint alleging defendant Across America Corporation's residence as the complaint was silent on that fact. (Doc. 12). Plaintiffs have now filed an amended complaint establishing this court's subject matter jurisdiction. (Doc. 13).  Accordingly, the court is now prepared to rule on defendants' motion to dismiss.

[2] Defendants did not file a reply brief and the time for doing so has now passed.

Wichita, Kansas, and immediately gave the funds to defendant Ki Ok Son. The funds were to be held in trust for plaintiffs and to be used to open a restaurant. Ok Son placed the funds in a bank account belonging to Across Construction. Defendants have since repaid $50,000 to plaintiffs. Plaintiffs brought this action seeking the return of $165,000 plus interest. (Doc. 13).

**II. Analysis**

Defendants move to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, defendants argue that the action should be transferred to California for convenience of the parties and witnesses under 28 U.S.C. § 1404(a).

**A. Personal Jurisdiction**

On a Rule 12(b)(2) motion to dismiss, plaintiffs must make a prima facie showing that the court has personal jurisdiction over defendants. See Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000). The court must accept plaintiffs' allegations as true and resolve all factual disputes in its favor notwithstanding contrary positions by defendants. Heating and Cooling Master Marketers Network, Inc. v. Contractor Success Group, Inc., 935 F.Supp. 1167, 1169 (D. Kan. 1996).

The Kansas long-arm statute provides, in pertinent part, for personal jurisdiction over nonresidents who transact "any business," or commit "a tortious act" in the State. K.S.A. 60–308(b)(1)(A)–(B). Under the long-arm statute, the court must resolve two questions: (1) did defendants transact any business or commit a tortious act within the state; and (2) does the cause of action that is the basis of the

suit arise from the performance of any of those activities? See Nat'l Bank of America at Salina v. Calhoun, 253 F. Supp. 346, 349 (D. Kan. 1966). For the court to exercise personal jurisdiction, both questions must be answered affirmatively.

Defendants merely conclusively state that they "have not transacted any business in Kansas." (Doc. 6 at 4). Defendants, however, do not attempt to contradict plaintiffs' allegations and Steve Young's affidavit. The complaint alleges that defendant Ok Son was present in Kansas and deposited plaintiffs' funds into the Across America corporate account. Therefore, plaintiffs' complaint has sufficiently alleged that defendants Ok Son and Across America transacted business in Kansas and the allegations in the complaint arise out of the transaction.[3] Defendants' motion to dismiss Ok Son and Across America for lack of personal jurisdiction is denied.

Plaintiffs' complaint, however, does not allege defendant Hye Jin Ha's involvement in the transaction. Nor does plaintiffs' response to the motion to dismiss specifically discuss this court's jurisdiction over Hye Jin Ha. Therefore, Hye Jin Ha's motion to dismiss for lack of personal jurisdiction is granted.

**B. Transfer Venue**

Alternatively, defendants move to transfer venue to the Eastern District of California. "The decision whether to grant a motion to transfer is within the sound discretion of the district court." Boilermaker-Blacksmith Nat'l Pension Fund v. Gendron, 67 F. Supp. 2d 1250, 1251 (D. Kan. 1999). The court may, for the "convenience of

---

[3] Although not raised by plaintiffs, the allegations in the amended complaint could also be construed as a tortious act.

parties and witnesses [and] in the interest of justice," transfer any civil action to another district where the suit "might have been brought." See 28 U.S.C. § 1404(a).

Generally, "there is a strong presumption in favor of hearing the case in the plaintiff's chosen forum. That presumption is overcome 'only when the private and public interest factors clearly point towards trial in the alternative forum.'" Gschwind v. Cessna Aircraft Co., 161 F.3d 602, 606 (10th Cir. 1998)(quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). Movant bears the burden in this matter. See Coleman Co., Inc. v. Dollar Tree Stores, Inc., No. 03-1202-WEB, 2003 WL 22158916, at *6 (D. Kan. Sept. 16, 2003). The general rule is that "[t]o prevail in a motion to transfer, the moving party must show the balance of factors weighs heavily in favor of transfer." Victor Co., L.L.C. v. Ortho Organizers, Inc., 932 F. Supp. 261, 263 (D. Kan. 1996).

Defendants assert that the Eastern District of California is the best choice for venue based on location of the witnesses and physical records. Plaintiffs respond that all of its potential witnesses find Kansas a convenient forum. Defendants, however, failed to specifically identify any witnesses who would be inconvenienced by this forum. In order to persuade the court, defendants need to demonstrate the requisite inconvenience to its witnesses. See Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992). Shifting the inconvenience from one side to the other is not a permissible justification for a change of venue. See id.

**III. Conclusion**

Defendants' motion to dismiss is granted in part and denied in

part.  Defendants' motion to transfer venue is denied.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992).  The response to any motion for reconsideration shall not exceed 3 double-spaced pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  3rd  </u> day of November 2014, at Wichita, Kansas.

<u>s/ Monti Belot            </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE